# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00924-CV

---

**T. L. H., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-24-003270,
### THE HONORABLE AURORA MARTINEZ-JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

T.L.H. (Timothy)[1] appeals from the trial court's order terminating his parental rights to his children. *See* Tex. Fam. Code § 161.001. After a bench trial, the court found by clear and convincing evidence that three statutory grounds existed for terminating Timothy's parental rights and that termination was in the children's best interest. *See id.* § 161.001(b)(1)(D), (E), (N), (2).

Timothy's court-appointed attorney has filed a brief concluding that his appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the

---

[1] To protect the children's privacy, we refer to their family members by aliases. *See* Tex. R. App. P. 9.8; Tex. Fam. Code § 109.002(d).

defendant's constitutional right to counsel on appeal and counsel's obligation to not prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Reg. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Timothy's counsel certified to this Court that he provided Timothy with a copy of the *Anders* brief and a copy of the entire appellate record and informed him of his right to file a pro se brief. To date, Timothy has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by appellant.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Timothy's behalf, and we have found nothing in the record that might arguably support an appeal. Our review included the trial court's endangerment findings against Timothy under subsections (D) and (E), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). We agree that Timothy's appeal is frivolous and without merit. Accordingly, we affirm the trial court's final order terminating Timothy's parental rights.[2]

---

[2] However, the supreme court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in th[e supreme court], including the

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Affirmed

Filed: March 11, 2026

---

filing of a petition for review.*" In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligation to Timothy has not yet been discharged. *See id.* If, after consulting with counsel, Timothy desires to file a petition for review, his counsel should timely file with the supreme court "a petition for review that satisfies the standards for an *Anders* brief." *See id*. at 27–28.